**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM COLE** *on behalf of Barbara Cole*,

      **Plaintiff,**

vs.            5:15-CV-0201
              (MAD)
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**LAW OFFICES OF STEVEN R. DOLSON**  **STEVEN R. DOLSON, ESQ.**
126 North Salina Street, Suite 3B
Syracuse, New York 13202
Attorney for Defendant

**SOCIAL SECURITY ADMINISTRATION**  **KAREN T. CALLAHAN, ESQ.**
Office of the General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

  On February 23, 2015, Plaintiff William Cole commenced suit pursuant to 42 U.S.C. § 405(g) seeking a review of the Commissioner of Social Security's decision to deny Barbara Cole's application for Disability Insurance Benefits. Dkt. No. 1.[1] The case was remanded to the Commissioner, and an Administrative Law Judge issued a partially favorable decision. Dkt. No. 13-1 ¶¶ 11-12. Presently before the Court is Plaintiff's motion for an award of attorney's fees

---

[1] After Barbara Cole died on September 12, 2014, her husband, William Cole, was made a substitute party and proceeded with his wife's claim. Dkt. No. 13-1 ¶ 9.

under 42 U.S.C. § 406(b). *See* Dkt. No. 13. The Commissioner has not opposed the motion. Dkt. No. 15 at 3.

## II. BACKGROUND

On April 26, 2012, Barbara Cole filed an application with the Social Security Administration ("SSA") for disability insurance benefits, which was denied. Dkt. No. 13-1 ¶ 6. Cole requested a hearing with an administrative law judge ("ALJ"), and the ALJ ultimately issued an unfavorable decision. *Id.* ¶ 7. After the Appeals Council denied Cole's request for review of the ALJ's decision, William Cole timely commenced an action in this Court seeking review of the final agency decision. *Id.* ¶¶ 8, 10. On August 26, 2015, the parties entered into a consent order remanding the case to the Commissioner for further administrative action. Dkt. No. 11. On remand, the ALJ issued a partially favorable decision and granted benefits from February 12, 2010, through September 12, 2014, the day that Barbara Cole died. Dkt. No. 13-3 at 17.

## III. DISCUSSION

**A.     Standard of Review**

42 U.S.C. § 406(b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

Thus, the plaintiff's attorneys must obtain court approval of their fees and have the court determine that their requested fees are reasonable and should be awarded. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) (endorsing the 42 U.S.C. § 406(b) fee determination approach established by the Second Circuit in *Wells* stating "Section 406(b) calls for court review of such arrangements as an independent

check, to assure that they yield reasonable results in particular cases"). In determining the reasonableness of a fee the Supreme Court stated "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.

"While the court need not make mathematical calculations, it should, of course, determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citations omitted).

**B.     Analysis**

In three separate award notices dated July 31, 2016, the SSA advised Barbara Cole's surviving family members—Alexa Cole, Christopher Cole, and William Cole—that they would be receiving withheld benefits for April 2011 through August 2014 for a total amount of $78,985.00. *See* Dkt. No. 13-3 at 25-34. The notices also stated that the SSA withheld a total of $19,746.25 from her past-due benefits, twenty-five percent of the total past-due benefits, for possible attorney's fee claims. *See id.* Plaintiff's counsel submitted a fee petition to the administrative law judge requesting a fee of $9,000.00 for work done at the administrative level. *See id.* at 36. Plaintiff's counsel now requests that this Court award attorney's fees in the amount of $10,746.25, which represents the remainder of the twenty-five percent of past-due benefits withheld by the SSA. *See* Dkt. No. 13-2 at 2. Plaintiff's counsel provides an itemized summary documenting 16.7 hours of attorney work, which amounts to a de facto hourly rate of $643.49. *See* Dkt. No. 13-1 at 3-4.

3

When assessing the reasonableness of attorney's fees, "the Supreme Court rejected the use of the 'lodestar' method (*i.e.*, the number of hours reasonably expended times a reasonable hourly rate) to awarding fees under § 406(b) where the plaintiff and her attorney have entered into a contingent-fee agreement." *Lapatra v. Astrue*, 530 F. Supp. 2d 453, 455 (W.D.N.Y. 2008) (citing *Gisbrecht*, 535 U.S. at 808). Instead, "[d]eference should be given . . . to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Wells*, 907 F.2d at 371).

In the present matter "the Commissioner has no objections to the Section 406(b) fee motion" and therefore does not specifically object to the reasonableness of the 16.7 hours of attorney work allegedly expended by Plaintiff's counsel or the de facto hourly rate of $643.49. *See* Dkt. No. 15 at 3. The supporting documentation submitted by counsel itemizing his time spent is sufficient for this Court to find his expenditure of hours and the hourly rate claimed to be reasonable given the nature of this litigation. *See Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000."). The contingent rate of twenty-five percent of the past-due benefits was agreed upon by Plaintiff and Plaintiff's counsel. *See* Dkt. No. 13-3 at 38. Morever, as the Commissioner notes, the total amount requested does not does not exceed twenty-five percent of the total past-due benefits to Plaintiff. *See* Dkt. No. 15 at 2.

Accordingly, the Court awards attorney's fees in the amount of $10,746.25.

## IV. CONCLUSION

Based upon the foregoing, the Court hereby **ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 18) is **GRANTED** in the amount of $10,746.25; and the Court further

**ORDERS** that the check shall be made payable to Plaintiff's counsel and that the check shall be mailed to Plaintiff's counsel; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2017
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge